IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | No. CR-12-256-C |
| | ) | |
| NOEL PANDO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER
NUNC PRO TUNC

On September 17, 2011, an Oklahoma City police officer stopped a vehicle for a traffic violation. Defendant was a passenger in that vehicle, which was owned by Defendant's brother Baltazar and being driven by a younger brother. After arresting the driver for not having a valid driver's license, the officers sought Baltazar's consent to search the vehicle. Consent was given and during that search, the officers located a container containing ammunition. Baltazar claimed the ammunition had been in the vehicle for some time. Also, the driver of the vehicle had a 20-gauge shotgun shell on his person. During the stop, officers learned that Defendant and his brothers lived at 131 Southwest 31st Street in Oklahoma City.

After completing the stop and returning to the police station to investigate further, Officer McRorie learned additional information which he included in his Affidavit for Search Warrant. First, Officer McRorie learned of another police encounter with Defendant's brothers at their home. Approximately two weeks before the traffic stop noted above, officers were called to Defendant's address by a newspaper deliveryman. The responding

officers encountered Baltazar and the juvenile, along with other individuals. During this visit, officers noticed a .357 caliber firearm on the seat of a vehicle parked in front of Defendant's residence. One of the other individuals claimed ownership of the firearm. Second, Officer McRorie determined that Defendant and Baltazar had felony convictions. Officer McRorie then prepared and presented an Affidavit for Search Warrant to an Oklahoma County district judge, seeking to search the home located at 131 Southwest 31st Street. In his affidavit seeking a search warrant, Officer McRorie made the following statements:

1. People who possess firearms typically keep firearms for lengthy periods of time often spanning several years.
2. People typically do not possess ammunition for firearms without owning or having access to a firearm the ammunition will work with.
3. The most common place people store their firearm is in their primary residence.

(Def.'s Br., Dkt. No. 14, Ex. A, p.4.) Officer McRorie then offered the opinion that based on one of the occupants of the vehicle having .22 caliber rounds in his vehicle and the juvenile possessing a 20-gauge shotgun shell, the officer believed firearms would be located at their primary residence.

Officers executed the search warrant on September 20, 2011, and during the search they located two shotguns and other rounds of ammunition. Defendant was then indicted on a federal count of felon-in-possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Defendant now seeks to suppress the search of the home, arguing there was not

a sufficient nexus between the ammunition found during the traffic stop and any alleged criminal activity at his residence.

Before a warrant may issue to search a person's residence, probable cause must exist. See U.S. Const. amend. IV. The United States Supreme Court has made clear that the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." United States v. U.S. Dist. Court, 407 U.S. 297, 313 (1972). Thus, the central issue in considering Defendant's Motion to Suppress is whether Officer McRorie's Affidavit for Search Warrant provided a nexus between the location and any criminal activity upon which the state court judge could determine probable cause existed sufficient to support issuing a warrant.

In considering whether a sufficient nexus has been shown, the Tenth Circuit has stated that a sufficient nexus is established once "an affidavit describes circumstances which would warrant a person of reasonable caution to believe that the articles sought" are at a particular location. United States v. $149,422.43 in U.S. Currency, 965 F.2d 868, 874 (10th Cir. 1992). The Tenth Circuit has further recognized that judges issuing search warrants may "rely on the opinion" of law enforcement "as to where contraband" or other evidence "may be kept." United States v. Hargus, 128 F.3d 1358 1362 (10th Cir. 1997). The Circuit has recognized that the additional evidence necessary to link suspected illegal activity to a suspect's home may be based on the officer's statement that his professional experience supports the connection. See United States v. Sparks, 291 F.3d 683, 685 (10th Cir. 2002). The additional evidence may also take the form of inferences that the issuing judge reasonably draws from

the affidavit. See United States v. Tisdale, 248 F.3d 964, 971 (10th Cir. 2001). That is, the issuing judge may draw a reasonable conclusion based on the affidavit and the "practical considerations of everyday life" as to the likelihood that certain evidence will be found at a particular place. Anthony v. United States, 667 F.2d 870, 874 (10th Cir. 1981).

As noted above, the affidavit submitted by Officer McRorie outlined the fact that ammunition had been located in a car tied to Defendant's address. The affidavit also relayed the prior encounter with Defendant's brothers and the .357. The affidavit then offered Officer McRorie's opinion based on his experience and training as a police officer that the fact that ammunition was found with the Defendant supported an inference that illegal activity was occurring in the form of Defendant's possession of a firearm at his residence. The affidavit explained Officer McRorie's basis for believing that the firearm would be located at the residence. The state court judge properly found that probable cause existed for a search warrant, and that a sufficient nexus existed between the items found during the search of the automobile to warrant the search of the residence. See also United States v. Reyes, 798 F.2d 380, 382 (10th Cir. 1986) (approving the inference that evidence would be found at a defendant's home based on an affiant officer's statement that the conspirators maintain records of their activities); see also United States v. Rahn, 511 F.2d 290, 293-94 (10th Cir. 1975) (explaining that it was reasonable to assume an ATF agent who allegedly possessed a stolen gun and used it to go hunting would keep the weapon at his home).

Accordingly, Defendant's request to suppress the search of the residence based on the inadequacy of the nexus between the search of the automobile and the existence of criminal activity at the residence will be denied.

Even if some question about the validity of the warrant existed, the Court finds the officers relied on it in good faith. See United States v. Leon, 468 U.S. 897, 920-24 (1984). There was nothing apparent on the face of the warrant which would have led reasonable officers to believe they could not in good faith rely on it. United States v. Danhauer, 229 F.3d 1002 (10th Cir. 2000).

Defendant also argues that the search exceeded the authorization set out in the search warrant, and thereby converted that warrant to an improper general warrant. In support, Defendant notes that the affidavit sought to search 131 Southwest 33rd Street, which it described as a single family dwelling with a tan rock veneer and white trim. The affidavit then offered additional descriptions of the house. Defendant argues that although the search warrant authorized a search of the home and detached garage, the officers searched an additional building, described the Defendant as an unoccupied duplex. Defendant challenges the search of the unoccupied duplex, arguing it falls outside the scope of the warrant.

Plaintiff counters, arguing that the officers did not exceed the scope of the search warrant. According to Plaintiff, all structures located at 131 Southwest 33rd Street fell within the scope of the warrant. According to Plaintiff, every building searched by officers fell within the curtilage of the home set forth in the affidavit. At the hearing on this motion, Plaintiff stipulated that no items of evidentiary value were located in the challenged building.

Plaintiff further stipulated that at trial nothing seized from the challenged building will be offered as evidence. Based on the stipulations of Plaintiff, the Court finds Defendant's challenge to the search of the detached building is moot and is therefore denied.

Defendant has also filed a Motion to Compel, which seeks documents used by Officer McRorie to log where various items were located during the search. At the hearing, Plaintiff asserted that the document requested could not be located. Because the requested document is discoverable, Defendant's motion will be granted. In the event the document is located, it shall be produced to Defendant.

For the reasons set forth herein, Defendant's Motion to Suppress (Dkt. No. 14) is DENIED. Defendant's Motion to Compel Production (Dkt. No. 17) is GRANTED.

IT IS SO ORDERED this 6th day of February, 2013.

_____
ROBIN J. CAUTHRON
United States District Judge